**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-40161
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ESTEBAN MANZANARES-TORRES,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-97-CR-433-1

January 20, 1999

Before WISDOM, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Esteban Manzanares-Torres pleaded guilty to being present in the United States, without permission, following deportation, in violation of 8 U.S.C. §§ 1326(a), (b). The district court sentenced him to a 16-month term of imprisonment, to be followed by a three-year term of supervised release. Manzanares-Torres timely filed this appeal, in which he argues that his conviction must be reversed because the record of the guilty plea proceedings is insufficient to allow for meaningful appellate review. He asserts that we cannot evaluate, by reviewing the rearraignment record, his personal responses to the district court's questions and cannot discern

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

whether he understood the rights he was waiving. Furthermore, he contends that this error is not harmless because he is being denied his statutory right to appeal. Manzanares-Torres's contentions are without merit. We affirm.

In the instant case, the district court conducted Manzanares-Torres's rearraignment simultaneously with several other defendants. The district court stated on the record that it would conduct the proceedings in Spanish because the defendants and the attorneys understood Spanish and that the interpreter would translate the proceedings into English for transcription. The district court stated on the record that each defendant indicated that he wanted the proceedings to be conducted in Spanish. The district court asked for objections from counsel, and the court received no objections. The district court stated on the record that it would follow a procedure in which it would elicit a response from each individual defendant and that the record would show the response. The district court stated on the record that "[i]t would be incumbent upon counsel to show the record that the Court is in error." All counsel agreed to this procedure. The district court, after most of its inquiries, stated for the record that each defendant had answered in the affirmative or in the negative. The district court did not elicit individual responses from each of the defendants for all the inquiries required by Rule 11. The district court did, however, obtain on the record individual responses from the defendants when it asked them whether they understood what they were being accused of doing, when it explained the potential penalty that the defendants faced, and when it read the actual charges against each defendant. The district court obtained an individual plea of guilty from Manzanares-Torres and obtained an individual response from him regarding his agreement with the Government on a credit for his acceptance of responsibility.

A guilty plea involves the waiver of several constitutional rights, and thus, it must be intelligent and voluntary.[2] Fed. R. Crim. P. 11 requires the district court to follow certain procedures in determining whether a defendant's guilty plea is made knowingly and voluntarily.

---

[2] *Boykin v. Alabama*, 395 U.S. 238 (1969).

2

We employ a two-part "harmless error" analysis to determine whether the district court has complied with Rule 11: (1) whether the sentencing court varied from the procedures required by Rule 11; and (2) if so, whether such variance affected the defendant's substantial rights.[3] In the instant case, Manzanares-Torres does not contend that the district court varied from the procedures required by Rule 11. He does not contend that his plea was not voluntary. He does not contend that he did not understand the proceedings or a specific right he was waiving. He does not contend that he did not understand the nature of the charge or the potential sentence he faced. Manzanares-Torres contends only that the record of the rearraignment proceedings is insufficient for this court to determine whether he understood the rights he was waiving. Our review of the instant Rule 11 colloquy does not reveal a variance in the procedures required by Rule 11 that affected Manzanares-Torres's substantial rights.[4] Manzanares-Torres has therefore failed to identify any error, harmless or otherwise, in the Rule 11 proceedings conducted by the district court.

AFFIRMED.

---

[3] *United States v. Johnson*, 1 F.3d 296, 298 (5th Cir. 1993) (en banc).

[4] *See id.*